UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PRODUCE PAY, INC., | Case No. 2:16-CV-2451 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| PRODUCERS INTERNATIONAL, INC., | |
| Defendant(s). | |

Presently before the court is plaintiff Produce Pay, Inc.'s motion for default judgment. (ECF No. 17).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual

**James C. Mahan**
**U.S. District Judge**

allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

Plaintiff filed motions for entry of clerk's default as to defendants Producers International, Inc. d/b/a Producers Fruit and Vegetable ("PII") (ECF Nos. 11, 13) and Eduardo Reyes (ECF No. 14). On February 13, 2017, the clerk entered default as to defendants PII and Reyes (ECF Nos. 15, 16).

In the instant motion, plaintiff seeks a default judgment against defendants on all counts listed in its complaint. Counts one, two, three, five, and six relate to defendant's violations of the Perishable Agricultural Commodities Act. (ECF No. 1). Count four is a breach of contract claim, and count seven is a violation of the Nevada Deceptive Trade Practices Act claim. *Id.* Plaintiff seeks judgment in the amount of $426,711.83, plus interest. (ECF No. 17).

After considering the foregoing, the court finds good cause to grant plaintiff's motion for default judgment. All of the *Eitel* factors favor judgment in plaintiff's favor. *See Eitel*, 782 F.2d at 1471–72. Although plaintiff seeks a significant monetary judgment, the judgment is "reasonably proportionate to the harm caused by the defendant's actions." *Walters v. Statewide Concrete Barrier, Inc.*, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006). Further, defendants' failure to appear should not impact plaintiff's ability to obtain compensation for its demonstrated losses. *See Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Moreover, plaintiff has properly complied with Rule 55. Therefore, the court will grant plaintiff's motion for default judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion for default judgment (ECF No. 17) be, and the same hereby is, GRANTED consistent with the foregoing.

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

IT IS FURTHER ORDERED that plaintiff shall prepare and file an appropriate judgment for the court's signature consistent with the foregoing within fourteen (14) days of the entry of this order.

DATED February 27, 2018.

_____
UNITED STATES DISTRICT JUDGE