AMANDA C. YEN (NSBN 9726)
AMANDA M. PERACH (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
ayen@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for Plaintiff Produce Pay, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PRODUCE PAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRODUCERS INTERNATIONAL, INC. d/b/a PRODUCERS FRUIT AND VEGETABLE; EDUARDO REYES, <br><br> Defendants. | Case No. 2:16-cv-2451-JCM-CWH <br><br> **DEFAULT JUDGMENT AGAINST DEFENDANTS PRODUCERS INTERNATIONAL, INC. D/B/A PRODUCERS FRUIT AND VEGETABLE AND EDUARDO REYES** |

Upon consideration of plaintiff, Produce Pay, Inc.'s ("*Plaintiff*") Application for Entry of Default Judgment Against defendants Producers International, Inc. D/B/A Producers Fruit and Vegetable (the "*Company*") and Eduardo Reyes (the "*Principal*" and collectively, the "*Defendants*") [ECF No. 17] (the "*Application*"), all supporting documents, pleadings and arguments of counsel, and after Plaintiff having presented proof concerning damages and costs in this action, the Court **HEREBY FINDS THAT:**

1. Company was engaged in the business of purchasing or selling produce in wholesale or jobbing quantities, and, therefore, is considered a "dealer" of perishable agricultural commodities as defined by the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a, et seq. ("*PACA*").

2. Company was engaged in the business of purchasing or selling produce in wholesale or jobbing quantities, and, therefore, is considered a "broker" of perishable agricultural commodities as defined by PACA.

3. Company operated its business under a valid PACA license issued by the United States Department of Agriculture.

4. In May 2016, Plaintiff and Harbest Produce, LLC ("*Harbest*") entered into an agreement whereby Plaintiff would consign produce to Harbest for sale to third-party purchasers on Plaintiff's behalf.

5. During May, June, and July of 2016, Plaintiff and the Company entered into contracts under which Plaintiff agreed to consign produce to Harbest for sale to the Company, and the Company agreed to purchase the produce from Plaintiff, identified in the chart and unpaid invoices attached as Exhibit 1 to the Complaint.

6. By this arrangement, Plaintiff consigned to Harbest and sold to the Defendants, and the Defendants purchased from Plaintiff, produce having an invoice value in the present aggregate amount of $374,938.00.

7. Plaintiff, through its consignee Harbest, caused each load of produce to be delivered to the Defendants. The Defendants accepted each load of produce from Plaintiff, and the produce delivered conformed to the parties' contracts. The Defendants did not pay Plaintiff for any of the produce delivered as required by such contracts.

8. Invoice nos. 130, 131, 132, 134, 135, 137, 123, 124, 125, and 114, identified in the chart attached as Exhibit 1 to the Complaint are subject to the PACA Trust.

9. Plaintiff utilized each of the PACA invoices to perfect and otherwise preserve its PACA trust rights in and to each load of produce represented by those invoices.

10. Plaintiff is an unpaid supplier or seller of produce having sold produce to the Defendants during 2016 for which it remains unpaid.

11. The Defendants failed to pay or otherwise deliver good funds to Plaintiff despite repeated demands.

12. At all times relevant to the transactions at issue, the Company acted through the Principal.

13. The Defendants were required by PACA to preserve and maintain a trust (the "*PACA Trust*") over certain assets for the payment of unpaid sellers of produce, like Plaintiff.

*See* 7 U.S.C. § 499e(c)(2).

14. The Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as Plaintiff's unpaid claims, represented by the PACA invoices and interest thereon, asserted in this action.

15. At all times relevant to this action, Principal was in charge of the Company's business undertakings, controlled and managed its operations, and controlled its financial dealings, including those involving the PACA Trust Assets.

16. At all times relevant to this action, Principal was an authorized signatory on Company's bank accounts and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

17. Principal caused Company to breach the PACA Trust by transferring PACA Trust Assets from Company to non-PACA Trust beneficiaries, rather than to PACA Trust beneficiaries like Plaintiff.

18. In so doing, Principal interfered with the delivery of PACA Trust Assets to Plaintiff to satisfy its unpaid claims against Company. Principal failed to preserve the PACA Trust Assets for the benefit of Plaintiff.

19. The total amount currently due and owing Plaintiff is $455,578.85, which includes $374,938.00 in principal and $80,640.85 in interest as of March 12, 2018 which continues to accrue, plus attorneys' fees and costs.

20. Despite Plaintiff's inclusion of the appropriate PACA trust language in its invoices, the Defendants did not maintain the PACA Trust or the PACA Trust Assets for the payment of Plaintiff or other similarly-situated unpaid produce suppliers, but, instead, they dissipated those assets.

21. Principal exercised control over Company and the PACA Trust Assets, and failed to preserve those assets in violation of their PACA and common law fiduciary duties to Plaintiff.

22. Principal caused Company to breach the PACA Trust by transferring PACA Trust Assets from Company to non-PACA Trust beneficiaries, rather than to PACA Trust

beneficiaries like Plaintiff, and he thereby interfered with the delivery of PACA Trust Assets to Plaintiff to satisfy its unpaid claims against Company.

23. Based on the foregoing findings of fact, Defendants are jointly and severally liable for the following claims for relief: (i) Enforcement of PACA Trust (ii) PACA Violation: Failure to Pay Promptly (iii) PACA Violation: Failure to Maintain Trust and (iv) Violation of Nevada Deceptive Trade Practices Act NRS §§ 41.600, 598.0903 et seq.

24. Principal is also liable for the following claims for relief: (i) Breach of Fiduciary Duty and (ii) Interference with Receipt of Trust Assets.

25. Company is also liable for the following claims for relief: (i) Breach of Contract.

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that **JUDGMENT** is entered in favor of Plaintiff and against defendants, Producers International, Inc. d/b/a Producers Fruit and Vegetable and Eduardo Reyes individually and on a joint and several basis, in the amount of $374,938.00, plus interest in the amount of $80,640.85 as of March 12, 2018 and continuing to accrue at the rate of $130.62 per day until such time as the judgment is fully satisfied, plus reasonable attorneys' fees and costs, the amount to be determined following submission of a motion for attorneys' fees and memorandum of costs to this Court after entry of the Judgment.

**IT SO ORDERED** March 14, 2018.

_____
HON. JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE